UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APL CO. PTE, LTD.,<br><br>              Plaintiff,<br><br>       v.<br><br>INTERGRO INC,<br><br>              Defendant. | Case No.  14-cv-00488-JD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

Plaintiff APL Co. Pte, Ltd. ("APL") is an international shipping corporation that is incorporated in Singapore and registered to conduct business in California. Defendant Intergro, Inc. ("Intergro") is a Florida corporation that has its principal place of business in Clearwater, Florida. This dispute arises out of defendant's alleged breach of contract. Pending before the Court is defendant's motion to dismiss for lack of personal jurisdiction or improper venue, or alternatively to transfer venue to the Middle District of Florida. Dkt. No. 14. The Court grants defendant's motion and orders the case transferred to the Middle District of Florida.

## BACKGROUND

Plaintiff alleges as follows. In 2009, APL entered into a contract with Intergro "whereby APL agreed to transport and convey wood sticks from Honduras into the United States, on behalf of, and at the request of, Intergro." Dkt. No. 1 ¶ 6. Intergro expressly agreed to a "Minimum Volume Commitment," specifically "a minimum quantity of carriage of 600 freight equivalent units ("FEU") before the contract expiration date of January 31, 2010." *Id*. ¶¶ 7-8. APL alleges that Intergro violated this contract by shipping only 251 FEUs of cargo, and that under the contract Intergro is now obligated to pay APL a liquidated damages charge of $122,150. *Id*. ¶ 11.

The contract between APL and Intergro contains a forum selection clause which provides that all disputes arising out of or in connection with the parties' contract "may be referred by either party to litigation before any Court of competent jurisdiction." Dkt. No. 14-1 at 4. The clause further stipulates that the following locations "shall each be considered proper for jurisdictional purposes: the place of legal residence (including incorporation) or principal place of business of the responding party." *Id.* The clause further provides that "[a]lternatively, the parties may agree to resolve disputes by arbitration in San Francisco, California (or such other place mutually agreed upon by the parties) . . . ." *Id.* The decision of the arbitrator "may be enforced by any court, tribunal or other forum as may properly assert jurisdiction," and "[t]he parties expressly consent and agree that the United States District Court for the Northern District of California has personal jurisdiction for this purpose." *Id.* The contract states that it shall be construed pursuant to the maritime law of the United States, and to the extent that such law is silent on any given legal issue that might arise under the contract, "then reference shall be made to the laws of the State of New York." *Id.* at 4-5.

**STANDARD**

In a motion challenging personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of "demonstrating that jurisdiction is appropriate." *See Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004). "Where, as here, the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Id*. (quotation marks omitted). While plaintiff cannot "simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true. Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.* (internal citations and quotation marks omitted).

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Schwarzenegger*, 374 F.3d at 800. California's long-arm statute permits the exercise of jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code of Civ. Proc.

2

§ 410.10. Consequently, the jurisdictional analyses under California state law and federal due process "are the same," and the Court may exercise personal jurisdiction over a nonresident defendant so long as the defendant "ha[s] at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger*, 374 F.3d at 800-01 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Although the Court can exercise general jurisdiction or specific jurisdiction, APL argues here only for the latter. In our Circuit, courts apply a three-part test to determine whether specific jurisdiction comports with due process:

> (1) The defendant must have done some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable.

*Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives,* 103 F.3d 888, 894 (9th Cir. 1996).

In evaluating the first prong -- purposeful availment -- in contract cases, the Supreme Court has instructed that "[i]f the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985) (emphasis in original). Instead, to determine whether the defendant purposefully established minimum contact within the forum, the court must analyze "these factors -- prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Id*. at 479.

## ANALYSIS

Plaintiff does not dispute that the Court does not have general personal jurisdiction over defendant. Dkt. No. 18 at 3. Rather, plaintiff argues that the Court has specific jurisdiction over defendant for matters arising out of the contract. *Id.*

Beginning with an analysis of the first prong, then, plaintiff argues that an examination of the four factors set forth in *Burger King* all weigh in favor of finding purposeful availment. Significantly, plaintiff's arguments on all four of the factors -- prior negotiations, contemplated

3

future consequences, terms of the contract and the parties' actual course of dealings -- all hinge on the forum selection clause in the contract. Dkt. No. 18 at 4-6. Plaintiff's arguments rely in particular on the language that "the parties may agree to resolve disputes by arbitration in San Francisco, California" as well as the parties' agreement that the Northern District of California court has personal jurisdiction for the purposes of enforcing an arbitrator's award. Plaintiff argues that through this clause, "Intergro has availed itself of the benefits and protections of California's laws." *Id.* at 5. APL also claims, citing *Fireman's Fund Ins.*, 103 F.3d at 893, that "[b]y consenting to personal jurisdiction in California by agreeing in the contract to arbitration in San Francisco, and enforcement of any award in the Northern District, Intergro 'has waived its right to object to personal jurisdiction in this litigation.'" *Id*.

But this takes *Fireman's Fund* too far. In *Fireman's Fund*, the party challenging jurisdiction -- and over whom the court ultimately concluded jurisdiction was proper -- had actually submitted to arbitration in the forum state, as opposed to merely having such an agreement in its contract. *See* 103 F.3d at 894 ("Aldus *did* enter California to arbitrate its dispute with Lawrence/XLS."). Not only that, the arbitration resulted in an award for Aldus, and Aldus "also participated in adversarial bankruptcy proceedings against Lawrence/XLS in the U.S. Bankruptcy Court for the Northern District of California," which resulted in an injunction. *Id*. Against that backdrop, the Circuit concluded that "[c]learly, Aldus not only has taken advantage of services offered in California, it also has created 'continuing obligations' between [it]self and residents of the forum.'" *Id*. (quoting *Burger King*, 471 U.S. at 476).

Neither *Fireman's Fund* nor any subsequent decision by our Circuit holds that an agreement to arbitrate disputes in a certain forum by itself constitutes consent to personal jurisdiction in that forum for other litigation arising out of the same contract. *See*, *e.g.*, *Foster v. Device Partners In'l LLC*, No. C 12-02279 (DMR), 2012 WL 6115618 (N.D. Cal. Nov. 21, 2012), *report and recommendation adopted*, No. 12-02279 SC, 2012 WL 6479235 (N.D. Cal. Dec. 10, 2012). District courts and other circuits have consistently held that such an agreement constitutes only consent to personal jurisdiction if it is in the limited context of enforcing an arbitration agreement or award. *See id.* at *4 (collecting cases).

Nor has plaintiff identified other contacts between Intergro and California that can be said to constitute purposeful availment.  APL alleges that its contract administration office in Oakland, California "had to approve and conduct the final negotiations of all of the terms therein."  Dkt. No. 18 at 2.  But that is not enough.  Even if APL had alleged, which it does not, that Intergro's agent was physically present in Oakland to negotiate or sign the contract, such an allegation would be irrelevant.  *See Fed. Deposit Ins. Corp. v. British-Am. Ins. Co., Ltd.*, 828 F.2d 1439, 1443 (9th Cir. 1987).  APL's allegations that "[t]he final negotiations and approval . . . were conducted via email and telephone, with signatures exchanged via facsimile," Dkt. No. 18 at 2, do not support a finding of personal jurisdiction either.  *See, e.g., Thomas P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1252 (9th Cir. 1980) ("When a California business seeks out purchasers in other states . . . [and] deals with them only by out-of-state agents or by interstate mail and telephone, it is not entitled to force the customer to come to California to defend an action on the contract.") (quoting *Interdyne Co. v. SYS Computer Corp.*, 31 Cal. App. 3d 508, 510, 107 Cal.Rptr. 499 (1973)).  The Ninth Circuit has concluded that ordinarily the "use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state."  *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985) (citation and internal quotation marks omitted).

Furthermore, nothing in the contract suggests that the parties contemplated future consequences in California.  The contract was for shipments between Honduras and Miami, Florida.  *See* Dkt. No. 18-1 at 9.  And beyond preserving the possibility that the parties may choose to arbitrate in San Francisco, there are no further references to California in the contract, and no part of the contract was to be performed in California.  Intergro also did not contemplate future consequences within the state of California "[b]y opening an office in California."  *Id*. at 4.  Among other things, it is undisputed that defendant's California subsidiary, Intergro West, was not established until 2012, three years after the contract was signed.  *Id*.; *see also* Dkt. No. 20 at 8.

The Court consequently finds that plaintiff has not made a prima facie showing that defendant has "done some act by which [it] purposefully avail[ed] [itself] of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws."

5

*Fireman's Fund*, 103 F.3d at 894.

Even if it had, APL has also wholly failed to satisfy the second prong which requires it to show that the lawsuit "arises out of" Intergro's forum-related activities. APL's argument on this prong is two sentences long and entirely conclusory: "Here's [*sic*] APL seeks a remedy against Intergro for breaching a contract that Intergro agreed would provide a forum for dispute resolution in the Northern District of California. The requisite nexus is present." Dkt. No. 18 at 6. This is nothing more than an argument that Intergro's contract with APL "*alone* can automatically establish sufficient minimum contacts in" California," which is an argument that has flatly been rejected by the Supreme Court. *See Burger King*, 471 U.S. at 478.

Finding plaintiff to have failed to satisfy the first two prongs of the governing three-part test, the Court finds it unnecessary to reach the third (*i.e.*, whether the exercise of jurisdiction would be reasonable).

## CONCLUSION

The Court concludes that it lacks personal jurisdiction over defendant Intergro. 28 U.S.C. Section 1631 provides that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ." Both parties agree that this case could have been filed in Florida. Consequently, the Court finds it appropriate to order the case transferred in the interest of justice, and hereby transfers the case to the Middle District of Florida district court.

**IT IS SO ORDERED.**

Dated: September 22, 2014

_____
JAMES DONATO
United States District Judge